# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>CRAIG B. ROSEN,<br><br>Debtor. | :<br>:<br>:<br>:<br>: | CHAPTER 7<br><br>BANKR. NO. 15-10435-mdc |
| Terry P. Dershaw, as Chapter 7 Trustee of the Estate of Craig B. Rosen,<br><br>Plaintiff,<br><br>v.<br><br>Craig B. Rosen and Deborah Rosen,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CHAPTER 7<br><br>ADV. NO. 15-0526-mdc<br><br>Hearing Date: _____, 2019 @ ____ a.m.<br>Courtroom #__ |

**COMBINED MOTION FOR EXPEDITED CONSIDERATION, REDUCED TIME AND LIMITED NOTICE AND MOTION OF OBERMAYER REBMANN MAXWELL & HIPPEL LLP TO WITHDRAW APPEARANCE AS COUNSEL FOR DEFENDANT DEBORAH ROSEN**

Michael D. Vagnoni, Esquire and Obermayer Rebmann Maxwell & Hippel LLP (collectively, "Obermayer") hereby request on an expedited basis, the entry of an Order, pursuant to L.B.R. 2091-1 and Rule 1.16 of the Pennsylvania Rules of Professional Conduct, granting their Combined Motion for Expedited Consideration, Reduced Time and Limited Notice and Motion to Withdraw as counsel for Defendant Deborah Rosen ("Defendant"), both in the above captioned Chapter 7 Case of Craig Rosen and the Adversary Proceeding, and in support thereof, aver as follows:

## I. JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

## II. BACKGROUND

3. Pursuant to L.B.R. 2091-1 and Rule 1.16 of the Pennsylvania Rules of Professional Conduct, Obermayer respectfully moves the Court for leave to withdraw as counsel for Defendant because: (a) Defendant terminated Obermayer's representation of her two (2) months ago; and (b) Defendant's lack of communication with Obermayer has frustrated Obermayer's ability to represent her.

4. Michael D. Vagnoni, Esquire, and the law firm of Obermayer Rebmann Maxwell & Hippel LLP are presently counsel of record for Defendant in the above-captioned main case and adversary proceeding.

5. Under L.B.R. 2091-1, "[a]n attorney may not withdraw an appearance as counsel for the debtor in a bankruptcy case, or for any party in a pending contested matter or adversary proceeding, except by order of the court, unless another attorney eligible to appear before the court enters an appearance simultaneously."

6. In May 2019, Defendant advised Obermayer that she was obtaining new counsel to represent her in this adversary proceeding.

7. Thereafter, Defendant did not respond to Obermayer's inquiries about representing her until substitute counsel had been obtained or about to the identity of her new counsel in order to effectuate a smooth transition and file the appropriate withdrawal and entry of appearance.

8. On July 16, 2019, Defendant again advised she was in the process of obtaining new counsel but had not been successful in doing so and directed Obermayer to proceed with the instant Motion.

9. On July 19, 2019, Obermayer sent Defendant the Chapter 7 Trustee's Motion for Order of Forced Entry and requested Defendant to contact Obermayer.

10.  Thereafter, on July 24, 2019, Obermayer sent Defendant a copy of the Notice of Deposition in Aid of Execution received from counsel to the Chapter 7 Trustee and again requested Defendant to contact Obermayer.

11.  On July 31, 2019, Defendant finally contacted Obermayer and advised that she would have new counsel in two weeks.

12.  Rule 1.16(a)(3) of the Pennsylvania Rules of Professional Conduct provides that counsel is entitled to withdraw from representing a client if discharged by the client.

13.  Rule 1.16(a)(1) further provides that a lawyer shall withdraw from the representation where the representation would result in violation of the Rules of Professional Conduct, including the obligation to represent a client competently, diligently, and maintain reasonable communication. See RPC 1.1, 1.3, 1.4.

14.  Here, Defendant terminated her representation of Obermayer over two (2) months ago, and the lack of communication from Defendant since that time has frustrated Obermayer's ability to represent her in this matter.

### III. **EXPEDITED CONSIDERATION**

15.  In accordance with L.B.R. 5070-1(g), and 9014-1, the Obermayer seeks expedited consideration of the Motion. Obermayer requests approval of the request for expedited consideration pursuant to L.B.R. 9014-2.

16.  Pursuant to L.B.R. 5070-1(g)(3), this request for expedited consideration may be stated as part of the Motion.

17.  Obermayer seeks expedited consideration of this Motion solely so that the motion could be heard on August 21, 2019 the same time as the hearing on the Motion to Withdraw of Counsel of the Debtor, Craig Rosen.

18. Obermayer respectfully submits that expedited consideration of the Motion is required because of the nature of the relief sought.

19. Obermayer further believes that an expedited hearing will not prejudice the Debtor or its creditors.

20. The undersigned has contacted the counsel for the Trustee as required by L.B.R. 5070-1(g)(1) and no opposition to Obermayer request for expedited consideration has been received as of the filing of this Motion.

21. Furthermore, Obermayer also requests (a) that this Court permit notice of the hearings to be served by next day mail, facsimile transmission or by electronic means upon (i) the Debtor's counsel; (ii) the Trustee's counsel; and (iii) all parties who have timely filed requests for notice under Bankruptcy Rule 2002; and (b) that this Court limit the notice period accordingly. The Debtor believes that such notice is sufficient under the circumstances for the expedited hearing.

22. Reduction of the time periods in question is not prohibited under Bankruptcy Rule 9006(c)(2) and the rules listed therein.

WHEREFORE, Michael D. Vagnoni, Esquire and Obermayer Rebmann Maxwell & Hippel LLP respectfully request that this Honorable Court grant them leave to withdraw their appearance for Defendant Deborah Rosen in the instant adversary proceeding.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Dated: July 31, 2019            By:   */s/ Michael D. Vagnoni*
                                      Michael D. Vagnoni, Esquire
                                      Centre Square West
                                      1500 Market Street, Suite 3400
                                      Philadelphia, PA  19102
                                      Phone: (215) 665-3066